445 A.2d 154

**HOUSEHOLD CONSUMER DISCOUNT COMPANY, Appellant,**

**v.**

**EXTENDED CARE CENTER, INC.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1981.

Filed April 30, 1982.

Stephen H. Hutzelman, Erie, for appellant.

J. Gregory Moore, Erie, for appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

MONTEMURO, Judge:

The city treasurer of Erie, Pennsylvania sold the property in dispute in this case on June 7, 1976 for a tax lien which had attached on January 1, 1972. Appellee, purchaser of the property, received a City Treasurer's Deed, No. 1–399, conveying the property to it for the sum of $2,600.00 in delinquent taxes.

On May 4, 1972, approximately four months after the lien had attached, appellant recorded a mortgage executed in its favor on the same property.

Appellant filed a complaint for declaratory judgment praying the court to enter an order declaring its mortgage to be valid. Appellee filed an answer and new matter requesting dismissal of that complaint and a declaratory judgment that the deed received was free and clear of the lien of the subsequently filed mortgage lien. Appellant

demurred to the new matter, claiming that the city treasurers tax sale could not divest its mortgage on the property. The demurrer was denied by the lower court, which also granted appellee's motion for summary judgment.

This appeal was taken by appellant from the order of the lower court denying the demurrer.

Erie is a city of the third class, and the property in question was sold pursuant to the provisions of 53 P.S. § 37541, the Act of June 23, 1931, P.L. 932, Art. XXV, § 2575, renumbered § 2541 and amended by the Act of June 28, 1951, P.L. 662 § 25.2 appearing under the heading "Sale of Real Estate For Delinquent Taxes" and stating as follows:

§ 37541. Public sale of property to satisfy tax claims

*In addition to other remedies provided* for the collection of delinquent city taxes, the city treasurer may sell at public sale, in the manner hereinafter provided, any property upon which the taxes, assessed and levied, have not been paid and have become delinquent, unless such property has already been purchased and is held for the benefit of all the tax levying authorities concerned. (Emphasis supplied)

Appellant argues that the statute does not state that "any liens of any nature are divested by the sale," that the statute must be construed strictly on its wording and where no divestiture is provided, none can be assumed.

We disagree, and we affirm the lower court's holding for the following reasons:

At common law the rule was that a Sheriff's sale automatically divested all liens, and statutes have therefore been necessary to change the common law and preserve the lien of a mortgage where it is *prior* to the lien under which a tax sale is made. 24 *P.L.E.* "Mortgages" § 112 at p. 549.

We cannot conclude therefore that a statute must contain wording as to the effect of a sale for delinquent taxes in order to divest a mortgage; on the contrary, wording which *preserves* the lien of a prior mortgage would be necessary to provide the right.

The statute which currently does provide protection to mortgage holders is found at 42 Pa.C.S.A. § 8152, and it states in pertinent part:

§ 8152. Judicial sale as affecting lien of mortgage

(a) General rule.—Except as otherwise provided in this section, a judicial or other sale of real estate shall not affect the lien of a mortgage thereon, if the lien of the mortgage is or shall be prior to all other liens upon the same property . . .

Such wording does not aid the appellant, however, since the mortgage it wishes to preserve was filed *subsequent* to the tax lien that led to the sale of the property. The language at § 37541 *supra* does indicate that additional remedies may be considered as provided in law. Unfortunately for appellant, the additional remedy protects liens of mortgages filed prior to a tax lien, but not those which are filed subsequent.

We affirm the Order of the court below.